IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | CIVIL ACTION NO. |
|                     Plaintiff,     ) | |
| vs.                            ) | |
|                               ) | COMPLAINT |
| TRACY MITCHELL, Individually,  ) | |
| and as Personal Representative ) | |
| of the Estate of Harietta L.   ) | |
| Boles, a/k/a Harietta LaFaye   ) | |
| Boles, TIMOTHY MITCHELL, ALLEN ) | |
| MITCHELL, and YVONNE L.        ) | |
| WATSON, Heirs-at-Law of        ) | |
| Harietta L. Boles, a/k/a       ) | |
| Harietta LaFaye Boles,         ) | |
| deceased, JOHN DOE, which      ) | |
| designates the class of        ) | |
| unknown adults, and RICHARD    ) | |
| ROE, which designates the      ) | |
| class of unknown infants or    ) | |
| persons under disability, and  ) | |
| all other persons unknown      ) | |
| claiming any right, title,     ) | |
| estate, interest in or lien    ) | |
| upon the real estate described ) | |
| in the Complaint herein,       ) | |
| KERSHAW COUNTY MEMORIAL        ) | |
| HOSPITAL, COMMERCIAL CREDIT    ) | |
| CORPORATION, CENTREX CAPITAL   ) | |
| CORP., REGIONAL FINANCE, and   ) | |
| VETERINARY MEDICINE & SURGERY, ) | |
|                     Defendants.    ) | |

       This is a civil action commenced by the United States of America to foreclose a Real Estate Mortgage on property situate in the District of South Carolina, and other relief; and the Court has the jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1345.

FOR A FIRST CAUSE OF ACTION

       1.   The Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, is an agency of the United States of America, and at all times hereinafter mentioned

acted for and on behalf of the plaintiff, and the United States of America is the real party in interest in this action.

2. The real estate which is the subject of this action is situate in the State of South Carolina and in the County set forth in paragraph 4 of this complaint.

3(a). On July 19, 1991, Harietta L. Boles, a/k/a Harietta LaFaye Boles, for valuable consideration, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, a certain Promissory Note in writing and under seal wherein and whereby she promised to pay to the order of the United States of America, through the aforesaid agency, the principal sum of $45,800.00, with interest thereon from such date on the unpaid principal balance at the rate of eight and 75/100 percent (8.75%) per annum, payable in installments of principal and interest as follows: The first installment being due and payable in the sum of $356.00 on November 19, 1991, and 392 equal and successive installments in the sum of $356.00 each, monthly thereafter, until the principal and interest are fully paid. This loan is subject to interest credit recapture based on evidence contained in the security instrument.

(b). On December 7, 1998, Harietta L. Boles, a/k/a Harietta LaFaye Boles, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, a certain Reamortization and/or Deferral Agreement in writing whereby she promised to pay to the order of the United States of America, through the aforesaid agency, the unpaid principal sum of $49,871.78 with interest thereon from such date on the unpaid principal balance at the

rate of eight and three-fourths percent (8.75000%) per annum, payable in installments of principal and interest as follows: The first installment being due and payable in the sum of $407.09 on December 19, 1998, and equal and successive installments in the sum of $407.09 each, monthly thereafter, until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on July 19, 2024.

     4. Contemporaneously with the execution of the aforesaid Note, on the same date thereof, and in order to secure the payment of the same, Harietta L. Boles, a/k/a Harietta LaFaye Boles, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, and its assigns, a Real Estate Mortgage conveying unto the United States of America, by way of Mortgage, the following described real estate situate in the State of South Carolina and County of Kershaw:

> All that piece, parcel or lot of land, with improvements thereon, situate, lying and being located about five (5) miles Southwest of the City of Camden, Kershaw County, State of South Carolina, and being more fully shown and designated as Lot No. Nine (9), Block "H", on a plat of Section II, Mayfield prepared by Williams Engineering Service, dated March 2, 1966, and revised March 22, 1966, and recorded in the Office of the Clerk of Court for Kershaw County in Plat Book 34, Page 218. Said lot having the following boundaries and measurements: On the NORTH by Meadow Drive, fronting thereon one hundred (100) feet; on the EAST by Lot No. Ten (10), Block "H", measuring thereon two hundred (200) feet; on the SOUTH by Lot No. Twenty-Eight (28), Block "H", measuring thereon one hundred (100) feet; and, on the WEST by Lot No. Eight (8), Block "H", measuring thereon two hundred (200) feet. All measurements being a little more or less.
>
> The above described property is more particularly shown and designated on that Plot Plan Prepared

>For Harietta L. Boles, dated March 6, 1991, by Daniel Riddick & Associates, Inc., recorded in the Office of the Clerk of Court for Kershaw County in Plat Book 39 at Page 270A.
>
>Subject to restrictive covenants found recorded in the Office of the Clerk of Court for Kershaw County in Deed Book HR at Page 769.
>
>TMS No. 310-16-OH-009-S-75
>
>Being the identical property conveyed to Harietta L. Boles, a/k/a Harietta LaFaye Boles, by deed of Business Brokers of The South, Inc. dated July 16, 1991, and recorded July 19, 1991, in the Office of the Clerk of Court/RMC for Kershaw County, South Carolina, in Deed Book 35 at Page 230.  Harietta LaFaye Boles, a/k/a Harietta L. Boles, died May 27, 2004 and property is vested in her heirs.

5. The aforesaid Mortgage was filed for record and recorded in the Office of the Clerk of Court for Kershaw County, South Carolina, on July 19, 1991, in Real Estate Mortgage Book 35 at Page(s) 233-236.

6. The Promissory Note described above provides that the consideration therefor shall support any agreement modifying the foregoing schedule of payments.  Each payment made on any indebtedness evidenced by this Note shall be applied first to interest computed to the effective date of the payment and then to principal.  The Note further provides for acceleration of the entire principal sum and accrued interest to become at once due and payable without notice at the option of the holder of the said Note in the event of any default under the terms and provisions of the Note.

7. The Real Estate Mortgage described above provides that if there is a default in any of its terms, conditions, or covenants, or of the Note secured thereby, then all sums then owing thereunder shall become immediately due and payable, and the Mortgage may be foreclosed.

8. The plaintiff, acting by and through its aforesaid agency, is the owner and holder of the Note and Mortgage herein described.

9. The Note and Mortgage are in default in that: (1) payments have not been made thereunder when due and the account has not been reinstated although due demand for payment has been made by the plaintiff; and (2) borrower is deceased. The plaintiff has elected and does hereby elect to declare the entire amount due upon the aforesaid Note and Mortgage to be immediately payable, together with all advances made thereunder for taxes, insurance premiums, and all sums advanced in connection with the Mortgage and mortgaged premises under the terms of the loan instruments and applicable regulations. There is due upon the aforesaid Note and Mortgage as of June 29, 2005, $71,182.74, which amount includes principal and interest, as well as other advances, and plaintiff is entitled to daily interest accrual from the above stated date at the rate of $11.2036 per day. This loan is subject to interest credit recapture based on evidence contained in the security instrument. During the life of the loan, Harietta L. Boles, a/k/a Harietta LaFaye Boles, received a subsidy in the amount of $19,934.60, which amount is included in the above total debt.

10. Pursuant to Rule 9(c), Federal Rules of Civil Procedure, any and all loan servicing actions required by applicable statutes and regulations which may be conditions precedent to proceeding with this foreclosure have been performed or have occurred.

11. The plaintiff does not seek a deficiency judgment in this action.

12. On information and belief, Harietta L. Boles, a/k/a Harietta LaFaye Boles, died on May 27, 2004, leaving as her heirs-at-law, Tracy Mitchell, Timothy Mitchell, Allen Mitchell, and Yvonne L. Watson, together with unknown heirs-at-law consisting of unknown adults being as a class designated herein as John Doe, and unknown infants or persons under disability being as a class designated herein as Richard Roe.

13. The defendant, Kershaw County Memorial Hospital, is made a party to this action by virtue of a judgment dated August 21, 1995, and recorded August 22, 1995, in the Office of the Clerk of Court/R.M.C. for Kershaw County, South Carolina, under Judgment Roll No. 29720, in the amount of $17,532.00. This judgment is subordinate to the Mortgage of the plaintiff.

14. The defendant, Commercial Credit Corporation, is made a party to this action by virtue of a judgment dated October 8, 1997, and recorded November 19, 1997, in the Office of the Clerk of Court/R.M.C. for Kershaw County, South Carolina, under Judgment Roll No. 34227, in the amount of $5,035.00. This judgment is subordinate to the Mortgage of the plaintiff.

15. The defendant, Centrex Credit Corp., is made a party to this action by virtue of a judgment dated July 24, 1998, and recorded July 24, 1998, in the Office of the Clerk of Court/R.M.C. for Kershaw County, South Carolina, under Judgment Roll No. 35108, in the amount of $8,579.56. This judgment is subordinate to the Mortgage of the plaintiff.

16. The defendant, Regional Finance, is made a party to this action by virtue of a judgment dated September 11, 2002, and recorded September 23, 2002, in the Office of the Clerk of Court/R.M.C. for Kershaw County, South Carolina, under Judgment Roll

No. 40200, in the amount of $458.75. This judgment is subordinate to the Mortgage of the plaintiff.

17. The defendant, Veterinary Medicine & Surgery, is made a party to this action by virtue of a judgment dated February 26, 1997, and recorded April 7, 1997, in the Office of the Clerk of Court/R.M.C. for Kershaw County, South Carolina, under Judgment Roll No. 33329, in the amount of $225.60. This judgment is subordinate to the Mortgage of the plaintiff.

FOR A SECOND CAUSE OF ACTION

Upon foreclosure and sale of the property hereinabove described, in order that the purchaser at said sale may duly acquire peaceful possession of the property, the Court is respectfully requested to include in its Decree of Foreclosure and Sale the following proviso, to wit:

> After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor(s), or person(s) in possession, shall immediately move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s) to vacate the premises, the United States Marshal or Sheriff of the county where the property is located, is authorized and empowered to enter upon the premises, and evict the parties therefrom. The United States Marshal or Sheriff of the county where the property is located, is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal or Sheriff will be upon pain of contempt of Court.

WHEREFORE, the plaintiff prays:

(a) That the amount due upon the aforesaid Note and Mortgage be ascertained and determined by the Court.

(b) That the plaintiff's Mortgage be declared a first lien on the mortgaged premises and Plaintiff have judgment of foreclosure for the amount found to be due and owing, together with all costs and expenses of this action and of the sale of the property, and that all right, title, interest and equity of redemption of the defendants and of any person holding by, through, or under them be forever barred in and to the mortgaged premises.

(c) That the property herein described be sold at public outcry free and clear of all liens, except the liens of ad valorem taxes, if any, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of this action and sale of the property as decreed by the Court;

Second, to the payment and discharge of the amount due on the plaintiff's Note and Mortgage;

Third, the surplus, if any, be distributed according to law.

(d) That the further relief sought by Plaintiff in its Second Cause of Action be granted; and

(e) For such other and further relief as the Court may deem just and proper.

JONATHAN S. GASSER
Acting United States Attorney


BY:   S/ J. Douglas Barnett
       J. DOUGLAS BARNETT (ID# 2144)
Assistant United States Attorney
Attorneys for Plaintiff
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000

Columbia, South Carolina

July 5, 2005